[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 16, 1987 in Milford, Connecticut. They have resided in this state since that date. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the appropriate statutory criteria, including § 46b-81 and § 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married approximately 11 years. They have been separated for approximately 1 1/2 years. There are no minor children issue of the marriage. The defendant represented herself throughout the trial. She is 39 years of age with some vocational skills. The defendant has not worked since some time in 1995. She is presently receiving Social Security Disability benefits of approximately $177.78 per week. It is alleged that the defendant has a bi-polar disorder and is manic depressive. The plaintiff was unaware that the defendant had been hospitalized prior to the marriage. Shortly after the marriage, the defendant was a patient at Elmcrest for 30 days. Thereafter, her condition was controlled by medication and counseling such that the defendant was gainfully employed from 1989 through to 1995 earning an average of approximately $15,000 to $16,000 per year plus unemployment compensation. CT Page 2396
The defendant was seen at the Milford Mental Health Clinic over several years commencing in July 1987. The clinic testified that the defendant has not followed through on their recommendations. Apparently, if the defendant takes her medication and participates in therapy she can function and is capable of being employed. As recently as October 1996, the defendant refused treatment and failed to comply with the recommendations of the clinic. There is a long history of non compliance with treatment recommendations and has resulted in the plaintiff being hospitalized. The defendant claims she is under the care of a psychiatrist and is unable to work at this time. She is presently on her medication and conducted herself appropriately during the trial. The defendant was intelligent, articulate and well spoken. Unfortunately, she failed to subpoena or have available her psychiatrist to testify concerning her present condition and inability to work.
The defendant and her mother testified as to physical violence inflicted on the defendant by the plaintiff, including a black eye and a welt on her forehead.
The plaintiff claimed the marriage broke down when the defendant failed to take her medication and as a result of her decompensation a dispute occurred in which both parties were arrested in the fall of 1996. The plaintiff was hospitalized in the Yale-New Haven psychiatric unit at that time. The plaintiff vacated the marital home in November 1996. He has paid the monthly mortgage of approximately $1225 per month on the marital residence since that time. The plaintiff is 38 years of age and in good health. He has been employed at Sikorsky since July 1979 and presently earns approximately $45,600 per year.
The parties purchased their marital home shortly prior to their marriage. The defendant contributed her savings of $20,000 and the plaintiff contributed approximately $23,000 towards the purchase price.
The jointly owned marital home is valued between $120,000 to $125,000 and has a mortgage of approximately $78,000. The plaintiff has savings of approximately $22,408; a 401(k) of $31,000 ($11,000 of which was accumulated prior to the marriage) 11 and a pension. The defendant withdrew $9,000 from the joint savings account in the fall of 1996 and used this money to live on. The defendant desires to remain in the marital home and feels she will be able to be gainfully employed after a period of time. CT Page 2397
Unfortunately the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the statutory criteria in entering the following orders:
Real Estate
The plaintiff shall forthwith quit claim to the defendant his interest in and to the real estate located at 72 Barton Road, Milford, Connecticut. The defendant shall hold the plaintiff harmless from any and all liability with respect to the mortgage, taxes and homeowners insurance. The defendant shall be solely responsible for the outstanding balance on the mortgage as well as the taxes and homeowners insurance. The plaintiff shall be responsible for the February 1998 mortgage payment.
The court is mindful that the plaintiff is still on the mortgage note. Therefore, the court orders that in the event the defendant fails to make two or more consecutive mortgage payments, or in the event a foreclosure action is commenced, then j in that event the real estate shall be placed on the market for sale and sold without delay.
The defendant shall be entitled to the net proceeds from the sale of said property. In the event of any deficiency, the defendant shall be solely responsible for any such deficiency. This obligation shall not be dischargeable in Bankruptcy. The court shall retain jurisdiction over any disputes arising out of the sale of the property.
Alimony
Commencing February 20, 1998 and weekly thereafter the plaintiff shall pay to the defendant as periodic alimony the sum of $175 per week for a period of 5 years or until the defendant dies, remarries or cohabits as defined by statute, or the death of the plaintiff, whichever event shall first occur. Said term of five years shall be non-modifiable. Said time limit will give the defendant sufficient opportunity to update her skills and obtain vocational training as offered and recommended by the Milford Mental Health Clinic. The evidence before the court indicated when the defendant took her prescribed medication she was able to CT Page 2398 be gainfully employed. The defendant is also being awarded the marital home which has an equity of approximately $47,000.
Personal Property
1. The plaintiff shall be entitled to remove the following items from the marital home within 60 days:
 1. All of his tools, clothing and personal belongings 2. A library table, drill press, hand saw and ceramic Christmas Tree 3. Plaintiff's books, guns cases, gun safe and reloading equipment and Nikon Camera 4. Plaintiff's stereo, records and tapes 5. Plaintiff's property acquired before the marriage 6. The computer is awarded to the plaintiff
2. The defendant is awarded the following:
 1. Kitchen set, bedroom set and living room set 2. Crystal glassware, wedding gifts, t.v. set and the VCR
3. Each party shall be entitled to the motor vehicle that they are presently driving and each shall be responsible for the respective outstanding loans thereon.
Savings Accounts and Deferred Accounts
1. The plaintiff shall pay to the defendant a lump sum of $5,000 from the Sikorsky Savings Account. The balance of said account is awarded to the plaintiff.
2. The plaintiff is awarded his 401(k) plan and his Milford Savings account and his checking account.
3. The defendant is awarded her Milford Bank checking and savings account.
Health Insurance
1. The defendant shall be entitled to the COBRA benefits as are available through the plaintiff's employment. The plaintiff shall pay the cost of COBRA for the benefit of the defendant for a period of 18 months. Any unreimbursed medical expenses shall be CT Page 2399 the defendant's sole obligation.
Life Insurance
1. The plaintiff shall maintain the existing life insurance of $57,000 as is available through his employment, with the defendant named as irrevocable beneficiary thereon, for so long as the plaintiff has an obligation for alimony. This provision shall be modifiable.
Pension
1. The defendant shall be entitled to 25% of the plaintiff's pension at Sikorsky by means of a QDRO. This represents the benefits which have accrued to the pension during the course of the marriage.
COPPETO, J.